Anthony J. Staltari (ID No. 233022017)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
anthonystaltari@quinnemanuel.com

*Attorneys for Defendant Yardi Systems, Inc.;
additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>    Plaintiff,<br><br>v.<br><br>YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendant. | Civil Case No.:<br><br>**NOTICE OF REMOVAL** |

TO: The Clerk of the Court
      U.S. District Court
      District of New Jersey
      Martin Luther King, Jr. Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

## **D.N.J. LOCAL RULE 10.1 STATEMENT**

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev.  The address for Atlas Data Privacy Corporation is Five Greentree Centre, 525 Route 73, Suite 104, Marlton, New Jersey 08053.  Defendant Yardi Systems, Inc. does not have information regarding the addresses of the remaining plaintiffs.  Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012, and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendant is this action is Yardi Systems, Inc.  Its address is 430 S Fairview Avenue, Santa Barbara, CA 93117.  It is represented by Anthony J. Staltari of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave 22nd floor, New York, NY 10010, Viola Trebicka (*pro hac vice* forthcoming) and John Wall Baumann (*pro hac vice* forthcoming) of Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017, Ella Hallwass (*pro hac vice* forthcoming) of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065, and Xi ("Tracy") Gao (*pro hac vice* forthcoming) of Quinn Emanuel Urquhart & Sullivan, LLP, 1300 I Street NW, Suite 900, Washington D.C., 20005.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1332, 1367, 1441, and 1446, Defendant Yardi Systems, Inc. ("Yardi") hereby removes the above-entitled action, styled Case No. BER-L-000856-24, *Atlas Data Privacy Corp & Ors. v. Yardi Systems, Inc. & Ors*, and all claims and causes of action therein, from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey, and respectfully submits the following in support:

## STATEMENT OF THE CASE

1. Plaintiffs are seven individual plaintiffs (Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev) (collectively, "Individual Plaintiffs"), and Atlas Data Privacy Corporation, as purported assignee of 19,373 individuals who are allegedly "Covered Persons" under Daniel's Law.

2. Plaintiffs allege that Yardi discloses data through websites or applications including propertyshark.com. Compl. ¶ 38 (copy attached as Exhibit A).

3. Plaintiffs further allege that they notified Yardi to cease disclosing or re-disclosing on the Internet or otherwise making available their home address and/or unpublished home telephone number on one or more of Yardi's websites pursuant to Daniel's Law. *Id.* at ¶¶ 27, 57.

4. Based on the alleged failure to cease such disclosure within 10 days of

receiving a notice, Plaintiffs filed a complaint against Yardi that asserts a single cause of action for violation of Daniel's Law (N.J.S.A. 47:1A-1, *et seq*. and N.J.S.A 56:8-166.1). *Id.* at ¶¶ 58–61.

5. Plaintiffs seek:

(A) an order that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individual Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

(B) an award of actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

(C) an award of an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

(D) an award of reasonable attorney's fees, interest (pre and post judgment) and litigation costs incurred;

(E) an order of injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

(F) an entry of equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain

compliance with Daniel's Law; and

(G) an award of other and further relief against Defendants as the Court deems equitable and just.

*Id.* at ¶ 62.

6. A summons and the Complaint were served on Yardi on February 22, 2024. *See* Ex. A. The Complaint is removable on the basis of diversity jursidiction under 28 U.S.C. §1332.

7. Defendant satisfies all procedural requirements, including those of 28 U.S.C. § 1446 and hereby removes this action to the United States District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

8. A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiffs on this date.

9. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Bergen County, on this date.

10. As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon such defendant" are attached as Exhibit A and are incorporated herein by reference.

11. Yardi is the sole named defendant in this action.

**GROUNDS FOR REMOVAL**

**I. THE REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JURISDICTION ARE SATISFIED**

12. Yardi may remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and upon information and belief the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1441(b), 1446(b).

13. Venue is proper in this district because the District of New Jersey embraces the county where the above action is pending.

**A. Plaintiffs Are Completely Diverse from Yardi**

14. According to the Complaint, "Plaintiff Jane Doe-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey," Compl. ¶ 15, and on information and belief is a citizen and/or resident of New Jersey. N.J.S.A. 40A:14–122.8 ("Every member of a police department and force shall be a resident of the State of New Jersey while serving in such position."); N.J.S.A. 52:14–7(a)(3) ("Every person holding an office, employment, or position . . . (3) with a county, municipality, or other political subdivision of the State or an authority, board, body, agency, district, commission, or instrumentality of the county, municipality, or subdivision … shall have his or her principal residence in this State . . . ").

15. According to the Complaint, "Plaintiff Jane Doe-2, whose name has

6

been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children." Compl. ¶ 16.

16. According to the Complaint, "Plaintiff Officer Edwin Maldonado joined the Plainfield, New Jersey police department as a patrol officer in 2000," *id.* ¶ 17, and on information and belief is a citizen and/or resident of New Jersey. N.J.S.A. 40A:14–122.8; N.J.S.A. 52:14–7(a)(3).

17. According to the Complaint, "Plaintiffs Sergeant Scott Maloney and Office Justyna Maloney . . . live together in New Jersey with their two young children." Compl. ¶ 18.

18. According to the Complaint, "Plaintiff Detective Patrick Colligan is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey," *id.* ¶ 22, and on information and belief is a citizen and/or resident of New Jersey. N.J.S.A. 40A:14–122.8; N.J.S.A. 52:14–7(a)(3).

19. According to the Complaint, "Plaintiff Officer Peter Andreyev is a 32-year veteran of the Point Pleasant, New Jersey police department", Compl. ¶ 23, and on information and belief is a citizen and/or resident of New Jersey. N.J.S.A. 40A:14–122.8; N.J.S.A. 52:14–7(a)(3).

20. According to the Complaint, Plaintiff Atlas Data Privacy Corporation ("Atlas") is a Delaware corporation, with offices in New Jersey. Compl. ¶ 24.

7

21. For purposes of removal, the citizenship of the assignee controls. *Cf.* 28 U.S.C. § 1359; *A.K. v. Fid. & Guar. Ins. Underwriters, Inc.*, 2023 WL 6231147, at *3 (D.N.J. Aug. 14, 2023) ("For diversity purposes, the assignee's citizenship controls as long as the assignment was not a collusive ruse to create federal jurisdiction."); *Hartford Acc. & Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (7th Cir. 1988) (same).  And in any event, Plaintiff Atlas asserts claims against Defendants as the assignee of the claims of "approximately 19,373" individuals who all "reside, work or had previously resided or worked in New Jersey." *Id.* ¶¶ 25-26, 40.

22. At the commencement of the Action, and at all times relevant herein, Defendant Yardi was not a citizen of the State of New Jersey or the State of Delaware, and its principal place of business was not in New Jersey or Delaware. Yardi is a corporation organized under the laws of California with its principal place of business in California.

23. The citizenship of fictitious Defendants Richard Roes 1-10 and ABC Companies 1-10 is disregarded for purposes of diversity.  28 U.S.C. § 1441(b)(1).

24. Because Plaintiffs and Defendant are not citizens or residents of the same state, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).

  **B.**  **The Amount in Controversy Exceeds $75,000**

25. The amount in controversy pleaded in the Complaint exceeds the jurisdictional requirement of $75,000.

26. Plaintiffs allege that each of the seven named Plaintiffs and the 19,373 individuals who have assigned their claims to Atlas sent Yardi takedown notices pursuant to Daniel's Law, and that Yardi "refuse[s] to comply with Daniel's Law." Compl. ¶ 62. Plaintiffs seek "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation,'" as well as "an additional amount in punitive damages, to be determined by the Court," and "reasonable attorney's fees, interest (pre and post judgment) and litigation costs incurred." *Id.*

27. As assignee, Atlas asserts 19,373 claims seeking at least $1,000 for each violation in liquidated damages alone. The amount in controversy therefore far exceeds the requisite $75,000 jurisdictional threshold. *See Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment."); *Alpine Glass, Inc. v. State Farm Fire & Cas. Co.*, 2013 WL 2434942, at *2 (D. Minn. June 4, 2013) ("Although the 140 claims asserted by [plaintiff] were assigned to it by the insureds, the claims are still properly aggregated for purposes of determining the amount in controversy."). While this alone is sufficient, Atlas's claim for punitive damages as well as attorneys' fees and costs further increases the amount in controversy beyond the $75,000 threshold. *Bell v. Preferred Life Ass'n. Society*, 320 U.S. 238, 240 (1943) ("When both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in

9

determining jurisdictional amount."); *Thompson v. Travelers Indem. Co.*, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024) ("With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute.").

28. The seven Individual Plaintiffs allege the same claim that "Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law." Compl. ¶ 28. Accordingly, the Court should exercise supplemental jurisdiction over the claims raised by the seven Individual Plaintiffs under 28 U.S.C. § 1367(a). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566, 125 S. Ct. 2611, 2625, 162 L. Ed. 2d 502 (2005) ("the threshold requirement of § 1367(a) is satisfied in cases . . . where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy.").

29. Accordingly, this Court may exercise diversity jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## II. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

30. This action, filed in the Superior Court of New Jersey, Bergen County, is being removed to the United States District Court for the District of New Jersey, which embraces the place where the action is pending. 28 U.S.C. § 1441.

31. Yardi has also complied with 28 U.S.C. §§ 1446(a) and (d). Under 28

U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on Yardi in the state court are attached as Exhibit A. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of New Jersey, Bergen County, in Case No. BER-L-000856-24. (A copy of this notice is not attached for the Court's convenience. Defendant will provide it upon request.) In addition, Yardi is serving a notice of filing of removal, with a copy of the notice of removal attached thereto, on Plaintiffs' attorneys.

32. No previous application has been made for the relief requested herein.

33. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

By this notice, Yardi does not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Yardi intends no admission of fact, law, or liability by this notice, and instead reserves all defenses, motions, and pleas. Yardi prays that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that Yardi obtain all additional relief to which it is entitled.

| | |
|---|---|
| Dated: New York, New York<br>March 22, 2024 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br><br>*s/ Anthony J. Staltari*<br>Anthony J. Staltari (ID No. 233022017)<br>51 Madison Ave 22nd floor<br>New York, NY 10010<br>Telephone: (212) 849-7221<br>anthonystaltari@quinnemanuel.com<br><br>Viola Trebicka (*pro hac vice* forthcoming)<br>John Wall Baumann (*pro hac vice* forthcoming)<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>violatrebicka@quinnemanuel.com<br>jackbaumann@quinnemanuel.com<br><br>Ella Hallwass (*pro hac vice* forthcoming)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>ellahallwass@quinnemanuel.com<br><br>Xi ("Tracy") Gao (*pro hac vice* forthcoming)<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Telephone: (202) 538-8000<br>tracygao@quinnemanuel.com<br><br>*Attorneys for Defendant* |

## **CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2**

Pursuant to D.N.J. Local Rule 11.2, it is hereby stated that the matter in controversy between the parties is not subject to any other action pending in any other Court or of a pending arbitration proceeding other than the state court action removed by this Notice: Case No. BER-L-000856-24 in the Superior Court of New Jersey, Bergen County.

Dated:  March 22, 2024　　　　　　　QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   /s/ Anthony J. Staltari
Anthony J. Staltari (ID No. 233022017)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by e-mail and U.S. Mail on March 22, 2024, to:

| | |
|---|---|
| Rajiv D. Parikh | John A. Yanchunis |
| Kathleen Barnett Einhorn | MORGAN & MORGAN |
| GENOVA BURNS LLC | 201 N. Franklin Street, 7th Floor |
| 494 Broad Street | Tampa, FL 33602 |
| Newark, New Jersey 07102 | Tel.: (813) 223-5505 |
| Tel.: (973) 533-0777 | jyanchunis@forthepeople.com |
| rparikh@genovaburns.com | |
| keinhorn@genovaburns.com | |

By: /s/   *Anthony J. Staltari*
Anthony J. Staltari (ID No. 233022017)