| | |
|---|---|
| Anthony J. Staltari (ID No. 233022017) | Viola Trebicka (admitted *pro hac vice*) |
| 295 5th Avenue, 9th Floor | John Wall Baumann (admitted *pro hac vice*) |
| New York, NY 10016 | 865 S. Figueroa Street, 10th Floor |
| Telephone: (212) 849-7221 | Los Angeles, CA 90017 |
| anthonystaltari@quinnemanuel.com | Telephone: (213) 443-3000 |
| | violatrebicka@quinnemanuel.com |
| | jackbaumann@quinnemanuel.com |
| Ella Hallwass (admitted *pro hac vice*) | Xi ("Tracy") Gao (admitted *pro hac vice*) |
| 555 Twin Dolphin Drive, 5th Floor | 1300 I Street NW, Suite 900 |
| Redwood Shores, CA 94065 | Washington D.C., 20005 |
| Telephone: (650) 801-5000 | Telephone: (202) 538-8000 |
| ellahallwass@quinnemanuel.com | tracygao@quinnemanuel.com |

*Counsel for Defendant* Yardi Systems, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>          Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>          Defendants. | Civil Case No.: 1:24-cv-04103-HB<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

Defendant Yardi Systems, Inc. ("Yardi"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint filed by plaintiffs Atlas Data Privacy Corporation ("Atlas"), Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev (collectively, "plaintiffs") and in support thereof, hereby states as follows:

## INTRODUCTION[1]

1.  Daniel's Law speaks for itself. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 1.

2.  Yardi denies the allegations contained in Paragraph 2.

3.  Paragraph 3 sets forth a characterization of plaintiffs' claims and contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 3.

4.  Paragraph 4 sets forth a characterization of plaintiffs' claims and contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 4.

## BACKGROUND

**Passage of Daniel's Law in New Jersey**

5.  Yardi lacks knowledge or information sufficient to form a belief as to

---

[1] Yardi includes the section headers from the Complaint solely for ease of reference. By doing so, Yardi makes no admission regarding the substance of the allegations set forth under those headers.

the truth or falsity of the allegations in Paragraph 5 and on that basis denies them.

6. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and on that basis denies them.

7. Yardi denies the allegations in Paragraph 7 to the extent they purport to describe Yardi's business, products, or services. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and on that basis denies them.

**New Jersey Passes Daniel's Law in 2020**

8. The allegations in this Paragraph contain conclusions of law to which no response is required. The law and its legislative history speak for themselves. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 8. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 8, and on that basis denies them.

9. Paragraph 9 contains conclusions of law to which no response is required. The law speaks for itself. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 9.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and on that basis denies them.

3

11. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis denies them.

12. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that basis denies them.

**Violence Against Police Officers and Judges Has Not Stopped**

13. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis denies them.

14. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that basis denies them.

## THE PARTIES

**The Individual Plaintiffs**

15. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis denies them.

16. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis denies them.

17. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis denies them.

18. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis denies them.

19. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis denies them.

20. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis denies them.

21. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis denies them.

22. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis denies them.

23. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis denies them.

**Plaintiff Atlas and its Assignors**

24. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis denies them.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 25. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 25, and on that basis denies them.

26. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 26 that "[t]he Covered Persons include individuals who reside, work, or had previously resided or worked in New Jersey" and on that basis denies that allegation. The remaining allegations in

Paragraph 26 contain conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the remainng allegations contained in Paragraph 26.

27. Yardi denies the allegations contained in Paragraph 27.

28. Yardi denies the allegations contained in Paragraph 28.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 29. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 29, and on that basis denies them.

30. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and on that basis denies them.

31. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis denies them.

32. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and on that basis denies them.

33. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis denies them.

34. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and on that basis denies them.

35. Paragraph 35 sets forth a characterization of the relief plaintiffs seek to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 35. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and on that basis denies them.

**Defendants**

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi lacks knowledge or information sufficient to form a belief regarding the purported "covered person" status of the unidentified individuals referenced by this allegation and, on that basis, denies the allegations contained in Paragraph 36.

37. Yardi lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that basis denies them.

38. Yardi admits that it owns and operates the website propertyshark.com. Yardi denies plaintiffs' characterization of its websites, business and practices. Except as specifically admitted, Yardi denies the allegations contained in Paragraph 38.

39. Yardi denies the allegations in Paragraph 39 to the extent they contain a vague, purported characterization of Yardi's "business model." Yardi otherwise lacks knowledge or information sufficient to form a belief regarding the purported

"covered person" status of the named plaintiffs or other unidentified individuals referenced by this allegation and, on that basis, denies the remainder of the allegations contained in the first sentence Paragraph 39. The remaining sentence in Paragraph 39 asserts conclusions of law to which no response is required. To the extent any response is required, Yardi denies those allegations.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 40. Yardi otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 40, and on that basis denies them.

## JURISDICTION AND VENUE

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, Yardi denies the allegations contained in Paragraph 41. Further, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning the residency of the purported "Covered Persons," and on that basis denies them.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Yardi denies the allegations contained in Paragraph 42. Further, Yardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning the residency

of the purported "Covered Persons," and on that basis denies them.

## FACTS COMMON TO ALL COUNTS

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent any response is required, the legislative history for Daniel's Law speaks for itself.

44. Paragraph 44 contains conclusions of law to which no response is required. The law speaks for itself. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 44.

45. Paragraph 45 contains conclusions of law to which no response is required. The law speaks for itself. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 45.

46. Paragraph 46 contains conclusions of law to which no response is required. The law speaks for itself. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 46.

47. Paragraph 47 contains conclusions of law to which no response is required. To the extent any response is required, the legislative history for Daniel's Law speaks for itself.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent any response is required, the legislative history and statutory text of Daniel's Law speak for themselves.

49. Daniel's Law speaks for itself and must be read in its entirety. Yardi admits that the quoted text appears in the current version of Daniel's Law. Except as specifically admitted, Yardi denies the allegations contained in Paragraph 49.

50. Yardi denies the allegations contained in Paragraph 50.

51. Yardi denies the allegations contained in Paragraph 51.

52. Yardi denies the allegations contained in Paragraph 52.

53. Yardi denies the allegations contained in Paragraph 53.

54. Paragraph 54 contains conclusions of law to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 54.

55. Paragraph 55 sets forth a characterization of the relief plaintiffs seek to which no response is required. To the extent any response is necessary, Yardi denies the allegations contained in Paragraph 55.

## COUNT ONE
### (Daniel's Law)

56. Yardi repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 55 of the Complaint as set forth above.

57. Yardi denies the allegations contained in Paragraph 57.

58. Yardi denies the allegations contained in Paragraph 58.

59. Yardi denies the allegations contained in Paragraph 59.

60. Yardi denies the allegations contained in Paragraph 60.

61. Yardi denies the allegations contained in Paragraph 61.

62. Yardi denies the allegations contained in Paragraph 62.

Yardi denies that plaintiffs are entitled to any of the relief they seek in sections A through G of the Prayer for Relief following Paragraph 62.

## AFFIRMATIVE DEFENSES

Yardi offers the following defenses in response to the allegations set forth in the Complaint. Yardi reserves the right to amend this Answer, to amend, modify, and/or supplement its defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation. To the extent that any defense asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

### First Affirmative Defense
### (Personal Jurisdiction and Venue)

Plaintiffs' claims are barred, in whole or in part, to the extent the Court does not have personal jurisdiction over Yardi and/or venue is improper.

### Second Affirmative Defense
### (Extraterritoriality)

Plaintiffs' claims are barred, in whole or in part, because Daniel's Law does not apply extraterritorially to Yardi.

### Third Affirmative Defense
### (Communications Decency Act)

Plaintiffs' claims are barred, in whole or in part, by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

### Fourth Affirmative Defense
### (Good Faith Compliance)

Plaintiffs' claims are barred, in whole or in part, because at all times relevant to this matter, Yardi acted in good faith and complied with all applicable laws, including Daniel's Law.

### Fifth Affirmative Defense
### (Failure to Mitigate)

Plaintiffs' claims are barred in whole or in part, or damages should be reduced, because they failed to reasonably mitigate their alleged damages.

### Sixth Affirmative Defense
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, as a result of, among other things, Atlas intentionally waiting and sending the takedown notices in an unduly burdensome manner to make it difficult, if not impossible, to comply.

### Seventh Affirmative Defense
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel as a result of plaintiffs' own actions and inactions. Plaintiffs are estopped in whole or in part from obtaining the relief that they seek in the Complaint.

### Eighth Affirmative Defense
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that plaintiffs seek equitable relief such as temporary, preliminary, and/or permanent injunctive relief because the takedown notices were not sent in a timely manner and were instead intentionally delayed so that they could be sent in an unduly burdensome and consolidated manner.

### Ninth Affirmative Defense
### (Acts of Others and Intervening Causes)

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged damages, if any, were the result of acts of third parties and other intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Yardi or any party under Yardi's control, and for which Yardi is not liable.

### Tenth Affirmative Defense
### (Bad Faith)

Plaintiffs' claims are barred, in whole or in part, because any and all acts, occurrences, and damages alleged or referred to in the Complaint were proximately caused by the bad faith of one or more plaintiffs and/or others in that plaintiffs and/or

13

others failed to deal properly, fairly, honestly and reasonably with Yardi. Plaintiffs' obvious strategy to frustrate compliance by sending takedown notices *en masse* is evidence of bad faith and reduces their right to recovery, if any, by the amount which their bad faith contributed to the damages alleged.

## Eleventh Affirmative Defense
## (Entrapment)

Plaintiffs' claims are barred, in whole or in part, because Atlas's actions constitute entrapment when it intentionally sent the takedown notices in a burdensome manner and failed or refused to respond to or cooperate with Yardi in effectuating any takedown notices regardless of whether there was a legal obligation to do so.

## Twelfth Affirmative Defense
## (Impossibility of Performance)

Plaintiffs' claims are barred, in whole or in part, because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner intended to make it impossible to comply.

## Thirteenth Affirmative Defense
## (Unconstitutionality and Vagueness of Daniel's Law)

Daniel's law may not be enforced against Yardi because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against Yardi under the facts of this case would violate the United States and/or New Jersey Constitutions. Among other issues, Daniel's Law is

impermissibly vague and fails to provide fair notice of the conduct it purports to prohibit.

## Fourteenth Affirmative Defense
### (Terms of Service)

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs breached Yardi' and/or PropertyShark's online Terms of Service, including with respect to the manner that the requests were sent through the AtlasMail system.

## Fifteenth Affirmative Defense
### (Public Policy)

Plaintiffs' claims are barred, in whole or in part, because they attempt to repurpose Daniel's Law, which is designed to protect individual security, into a vehicle for private commercial gain, contrary to fundamental public policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Yardi demands judgment in its favor and against plaintiffs as follows:

1. Dismissing the Complaint in its entirety with prejudice;

2. Awarding Yardi its attorneys' fees, expert fees, and other costs and expenses; and

3. Awarding Yardi such other further relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Yardi hereby demands a jury trial on all issues so triable in this action.

Dated: New York, New York
October 3, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

*s/ Anthony J. Staltari*
Anthony J. Staltari (ID No. 233022017)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7221
anthonystaltari@quinnemanuel.com

Viola Trebicka (admitted *pro hac vice*)
John Wall Baumann (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
violatrebicka@quinnemanuel.com
jackbaumann@quinnemanuel.com

Ella Hallwass (admitted *pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
ellahallwass@quinnemanuel.com

Xi ("Tracy") Gao (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
tracygao@quinnemanuel.com

*Attorneys for Defendant Yardi*

## **CERTIFICATE OF SERVICE**

I hereby certify, pursuant to 28 U.S.C. § 1746, that on this date I filed the foregoing document with the CM/ECF system for U.S. District Court for the District of New Jersey, thereby effectuating service upon all counsel of record by electronic means.

I certify under the penalty of perjury that the foregoing is true and correct. Executed in New York, New York on this 3rd day of October, 2025.

By: /s/     *Anthony J. Staltari*
Anthony J. Staltari (ID No. 233022017)