**quinn emanuel** trial lawyers | new york
295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7221**

WRITER'S EMAIL ADDRESS
**anthonystaltari@quinnemanuel.com**

November 18, 2026

**VIA ECF**

Hon. Harvey Bartle III
United States District Court for the Eastern
District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re: *Atlas Data Privacy Corp., et al v. Yardi Systems, Inc., et al.,* (No. 1:24-cv-04103) (D.N.J.) – Response to Plaintiffs' November 10, 2026 Letter (ECF No. 109)

Dear Judge Bartle:

We represent Defendant Yardi Systems, Inc. ("Yardi") in the above-captioned action. We write in response to plaintiffs' November 10, 2026 letter seeking an order enforcing the Court's September 9, 2026 Discovery Order or an expedited conference (ECF No. 109) (the "Letter").

Plaintiffs list Yardi among the defendants purportedly implicated by the discovery disputes raised in the Letter, but do not identify any specific deficiencies in Yardi's discovery responses or any conduct by Yardi warranting Court intervention. To the extent the Letter seeks relief against Yardi, it should be denied.

**First, plaintiffs failed to meet and confer with Yardi before seeking Court intervention, in violation of the Court's express order and the Local Rules.** The Court's September 9, 2026 Discovery Order (ECF No. 103) expressly provides that "[t]he parties thereafter *shall* meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production." *Id.* ¶ 6 (emphasis added). Likewise, Local Civil Rule 37.1(a) requires that "[c]ounsel shall confer to resolve any discovery dispute" before presenting an unresolved dispute to the Court. *See also Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 143 (3d Cir. 2011) (affirming denial of a motion to compel where counsel "contravened Rule 37... by filing the motion without first having attempted to confer in good faith"). Yet plaintiffs made no attempt to meet and confer with Yardi regarding its November 3, 2026 discovery responses before submitting the Letter. Although Yardi believes its discovery responses and objections to be complete and proper, Yardi remains willing to meet and confer regarding any concerns plaintiffs may raise. Court intervention, however, is premature.

**Second, plaintiffs identify no specific deficiency in Yardi's discovery responses.** The Letter raises four principal issues: (1) certain defendants' alleged failure to serve written discovery responses; (2) objections based on the numerical limits for interrogatories and requests for production; (3) reliance on Federal Rule of Civil Procedure 33(d) without identifying responsive documents by Bates number; and (4) delays in document production pending agreement on an electronically stored information ("ESI") protocol. Letter at 2–6. Yardi timely served its discovery responses and produced responsive documents on November 3, 2026. Where Yardi invoked Rule 33(d) in its interrogatory responses, it identified responsive documents by Bates number. Nor has Yardi withheld document production pending agreement on an ESI protocol. Thus, plaintiffs' complaints concerning untimely responses, improper reliance on Rule 33(d), and delayed productions do not apply to Yardi. The only potentially relevant issue is plaintiffs' challenge to numerical objections, but the Letter does not identify any particular objection by Yardi or explain why it is improper.

**Third, Yardi's numerical objections are consistent with the Discovery Order.** The Court expressly limited each party to "twenty-five (25) interrogatories, *including subparts*, and thirty (30) requests for production, *including subparts*." ECF No. 103 ¶¶ 2–3 (emphasis added). Courts have routinely held that a responding party need not answer interrogatories exceeding the applicable numerical limit, including discrete subparts. *See, e.g., Keel v. Delaware State Univ. Bd. of Trs.,* 2021 WL 9649436, at *4 (D. Del. Mar. 30, 2021) (holding that plaintiff only need to respond to one part of a four-part interrogatory as the subparts would exceed the 25-interrogatory limit); *Raymo v. Civitas Media LLC*, 2020 WL 12764379, at *1 (M.D. Pa. Dec. 16, 2020) ("[I]f a subpart to an interrogatory poses a discrete question concerning each of the broad subject matter headings ... those subparts are separately counted.") (cleaned up); *Fouad v. Milton Hershey Sch. & Tr.,* 2020 WL 3265245, at *4 (M.D. Pa. June 17, 2020) ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."). Yardi's numerical objections are consistent with the limits expressly imposed by the Court. Plaintiffs have not identified any particular request or explained why its subparts should not be counted separately. Their blanket request to overrule defendants' numerical objections is therefore unwarranted.

For these reasons, Yardi respectfully requests that the Court deny plaintiffs' requested relief as to Yardi. Should plaintiffs identify and allege any specific deficiencies with Yardi's responses and objections, Yardi respectfully requests that plaintiffs be required to meet and confer with Yardi concerning any such alleged deficiencies before seeking Court intervention.

Respectfully submitted,

*/s/ Anthony J. Staltari*
Anthony J. Staltari

cc: All counsel of record *(via ECF)*